**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
COLUMBUS DIVISION**

| | | |
|---|---|---|
| **Neutron Holdings, Inc. d/b/a Lime,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 2:20-cv-04626** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Tyler Bechtel,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |
| | ) | |

## COMPLAINT AND PETITION TO COMPEL ARBITRATION UNDER THE FEDERAL ARBITRATION ACT AND TO ENJOIN FURTHER PROCEEDINGS AGAINST PLAINTIFF LIME IN THE STATE COURT ACTION

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, and this Court's diversity jurisdiction, 28 U.S.C. § 1332, Plaintiff, Neutron Holdings, Inc., d/b/a Lime ("Lime"), files this Complaint against Defendant, Tyler Bechtel, seeking: (i) to compel arbitration regarding the claims improperly asserted against Lime by Defendant Bechtel in the Franklin County Court of Common Pleas, Ohio, Case No. 20CV001455 ("State Court Action"); (ii) to enjoin Defendant Bechtel from further pursuing the State Court Action against Lime; and (iii) for related relief.

In support, Plaintiff Lime states:

1.     As explained below, a valid, enforceable Arbitration Agreement exists under federal law which governs the dispute between the parties. *See* (Ex. A – "User Agreement," § 2.3). Rather than pursuing resolution of this dispute in accordance with the terms of the Arbitration Agreement, Defendant Bechtel violated that contract by filing suit in the Franklin County Court, seeking damages for his alleged injuries after renting an e-scooter from Plaintiff Lime in June

2019.[1] Pursuant to 9 U.S.C. §§ 3, 4, this Court may compel arbitration, and Plaintiff Lime respectfully petitions this Court to do so.

2.      Under such circumstances, federal law, 9 U.S.C. §§ 3, 4, and this Court's diversity jurisdiction, 28 U.S.C. § 1332, give Lime the right to compel arbitration in federal court through its own action under the FAA. This is so because the parties to the Arbitration Agreement are Plaintiff, an Ohio domiciliary, and Lime, a Delaware entity with its principal place of business in California, and the amount in controversy exceeds $75,000. *See, e.g.*, *Credit Acceptance Corp. v. Davisson*, No. 1:08 CV 107, 2008 U.S. Dist. LEXIS 137864 (N.D. Ohio Nov. 21, 2008) (after the underlying action was remanded to state court, the arbitration movant filed its own federal action under 9 U.S.C. §§ 3, 4, in which the parties to the arbitration agreement were diverse; the district court denied the defendant's motion to dismiss for lack of subject-matter jurisdiction or to stay the proceedings in light of prior-filed state-court case and, instead, kept the case in federal court and set a schedule to consider the motion to compel arbitration); *H & M Charters, Inc. v. Reed*, 757 F. Supp. 859 (S.D. Ohio 1991) (in a maritime action, enjoining prior-filed Florida state-court litigation, compelling arbitration in the federal action filed pursuant to 9 U.S.C. §§ 3, 4, and staying the federal action pending the outcome of the arbitration); *GGNSC Louisville St. Matthews v. Madison*, 254 F. Supp. 3d 901 (W.D. Ky. 2017) (holding that non-diverse parties to state-court personal-injury action were not indispensable parties and did not need to be included in the federal

---

[1] On February 21, 2020, Tyler Bechtel filed his Complaint in Franklin County. Shortly thereafter, Lime timely removed that action to the Southern District of Ohio, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441. (ECF No. 1, Case No. 2:20-cv-1555). On April 17, Lime filed an Answer and a Motion to Compel Arbitration. (ECF Nos. 13 & 14). On August 28, the District Court remanded the matter back to Franklin County because it determined that Mr. Bechtel could add non-diverse parties in that action—despite the fact that those persons are not parties to the governing Arbitration Agreement between Lime and Mr. Bechtel, and thus, will not participate in the required arbitration between Lime and Mr. Bechtel. *See* (ECF Nos. 26, 29, 36, & 37).

action; that diversity jurisdiction existed between the parties to the arbitration agreement; that the risk of piecemeal litigation was inherent and unavoidable because of the strong federal policy favoring arbitration; and that arbitration would be compelled and the prior-filed state court action would be enjoined); *Diversicare Leasing Corp. v. Hamilton*, Civ. No. 17-125-HRW, 2018 U.S. Dist. LEXIS 111152 (E.D. Ky. July 2, 2018) (same).

3.      Pursuant to 28 U.S.C. § 2283, *Great Earth Co. v. Simons*, 288 F.3d 878 (6th Cir. 2002), and the additional above-cited case law, Plaintiff Lime also petitions this Court to enjoin Defendant Bechtel from further pursuing the State Court Action as to Lime in violation of the parties' Arbitration Agreement. Lime requests that after compelling arbitration and enjoining Defendant Behctel, the Court stay this matter pursuant to 9 U.S.C. § 3 until arbitration is completed, at which point the Court may, if necessary, enter judgment on any arbitration award.

## PARTIES, JURISDICTION, AND VENUE

4.      Plaintiff, Neutron Holdings, Inc. d/b/a Lime ("Lime"), is and was at all relevant times a Delaware corporation with its principal place of business in California.

5.      Defendant, Tyler Bechtel, is and was at all relevant times an Ohio domiciliary, and may be served with process through his attorneys in the State Court Action.

6.      State-court co-defendants "Michael Smith and/or Francisco Soto" are not parties to the governing Arbitration Agreement. Therefore, "Smith and/or Soto" are unnecessary and dispensable here.  The parties to the governing Arbitration Agreement and this action are Plaintiff Lime and Defendant Bechtel.

7.      Complete diversity of citizenship exists between Plaintiff Lime and Defendant Bechtel.

8.      Defendant Bechtel has previously demanded $500,000 to resolve his claims against Lime and has pled in his state-court action—which he filed in violation of the parties' Arbitration Agreement—that his medical bills, standing alone, exceed $130,000.  28 U.S.C. §1332(a)'s $75,000 amount-in-controversy requirement is therefore satisfied.

9.      The underlying incident at issue arises out of transactions, contracts, and/or agreements within the scope of the Federal Arbitration Act, 9 U.S.C. § 1-16 ("FAA").

10.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a)(1) and 9 U.S.C. §§ 3, 4.

11.     Defendant Bechtel is subject to the personal jurisdiction and process of this Court and can be served with process through his attorneys in the State Court Action.

12.     The events giving rise to this federal petition and action occurred in Franklin County, Ohio, where Tyler Bechtel registered as a Lime user, agreed to Lime's User Agreement—including its Arbitration Agreement—and allegedly rented and rode one of Lime's e-scooters on June 22, 2019. Accordingly, pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this Court.

## FACTUAL ALLEGATIONS

13.     Plaintiff Lime realleges and incorporates all allegations contained in paragraphs 1 through 12 of this Complaint as if fully set forth here.

14.     In June 2019, Defendant Tyler Bechtel agreed to Plaintiff Lime's User Agreement. This is indisputable, as users cannot use Lime's e-scooters without downloading the Lime app, creating an account, and completing registration. Without following these steps, the Lime e-scooters will not activate and power on. To complete the registration process, users must agree to Lime's User Agreement as a necessary condition of this business relationship:





15. Section 2.3 of the User Agreement, entitled "**Binding Arbitration**," contains a

clear and conspicuous Arbitration Agreement, stating, in relevant part:

> ... ANY AND ALL DISPUTES (WHETHER BASED IN CONTRACT, LAW, STATUTE, RULE, REGULATION, ORDINANCE, TORT INCLUDING, BUT NOT LIMITED TO, FRAUD, ANY OTHER INTENTIONAL TORT OR NEGLIGENCE ... WHETHER ARISING BEFORE OR AFTER THE EFFECTIVE DATE OF THIS AGREEMENT, MUST BE RESOLVED BY FINAL AND BINDING ARBITRATION. THIS INCLUDES ANY AND ALL DISPUTES BASED ON ANY PRODUCT, SERVICE OR ADVERTISING CONNECTED TO THE PROVISION OR USE OF THE SERVICES .... BY AGREEING TO ARBITRATE, EACH PARTY IS GIVING UP ITS RIGHT TO GO TO COURT AND HAVE ANY DISPUTE HEARD BY A JUDGE OR JURY.

(Ex. A – User Agreement § 2.3).

16.     The Arbitration Agreement also states that the FAA, not state law, expressly governs the arbitrability of disputes between Lime and users: "The Federal Arbitration Act ("FAA"), not state law, shall govern the arbitrability of all disputes between Lime and You regarding this Agreement[.]"  (Ex. A – User Agreement § 2.3). The FAA's "strong pro-arbitration policy" applies to disputes that the parties have agreed to arbitrate, and there "is a strong presumption in favor of arbitration under the FAA." *Highlands Wellmont Health Network v. John Deere Health Plan*, 350 F.3d 568, 573 (6th Cir. 2003). Indeed, "any doubts regarding arbitrability must be resolved in favor of arbitration." *Highlands,* 350 F.3d at 573; *see also, e.g.*, *Smith v. BT Conf., Inc.*, No. 3:13-cv-160, 2013 U.S. Dist. LEXIS 158362, at *9 (S.D. Ohio Nov. 5, 2013).

17.     In addition, the Arbitration Agreement contains a delegation clause, reserving sole jurisdiction to the arbitrator to decide the threshold issue of arbitrability: "All issues are for the arbitrator to decide, including arbitrability." (Ex. A, § 2.4).

18.     This User Agreement, including its Arbitration Agreement, has been upheld by numerous federal courts in analogous matters. *See Ingram v. Neutron Holdings, Inc. d/b/a Lime*, No. 3:20-cv-00037, 2020 U.S. Dist. LEXIS 91475 (M.D. Tenn. May 26, 2020); *Babcock v. Neutron Holdings, Inc.*, No. 20-60372-CIV-MORENO, 2020 U.S. Dist. LEXIS 63744 (S.D. Fla. Apr. 13, 2020); *Walker v. Neutron Holdings, Inc.*, No. 1:19-CV-574-RP, 2020 U.S. Dist. LEXIS 24845 (W.D. Tex. Feb. 11, 2020); *Phillips v. Neutron Holdings, Inc.*, No. 3:18-CV-3382-S, 2019 U.S. Dist. LEXIS 171313 (N.D. Tex. Oct. 2, 2019).

19.     Lime's records confirm that Defendant Tyler Bechtel agreed to the User Agreement, including its Arbitration Agreement, on June 7, 2019. Exhibit A is a true and accurate copy of the User Agreement that Tyler Bechtel agreed to when he registered with the Lime App.

20. By registering through the Lime App, Defendant Bechtel agreed to Plaintiff Lime's User Agreement, including the Arbitration Agreement. Therefore, he agreed to arbitrate the claims alleged in his Complaint.

21. All of Defendant Bechtel's personal-injury claims against Plaintiff Lime in the State Court Action fall within the scope of the User Agreement's arbitration provisions.

22. The User Agreement and all of Defendant Bechtel's claims against Lime in the State Court Action are connected to and arise from a transaction involving commerce under 9 U.S.C. § 2.

23. Section 2 of the FAA requires judicial enforcement of arbitration agreements "save upon such grounds as exist at law or in equity for the revocation of any contract." There are no such grounds here, and the Arbitration Agreement must be enforced.

## COUNT I – ACTION TO COMPEL ARBITRATION

24. Plaintiff Lime realleges and incorporates all of the allegations contained in paragraphs 1 through 23 of this Complaint as if fully set forth here.

25. Despite the unambiguous language in the User Agreement, Defendant Tyler Bechtel refused to submit his claims in the State Court Action to binding arbitration. (Ex. A).

26. Section 4 of the FAA provides Plaintiff Lime the right to petition this Court for an Order directing that arbitration proceed in the manner provided in the parties' User Agreement and the Arbitration Agreement contained therein.

27. A valid Arbitration Agreement exists, which encompasses all of Defendant Bechtel's claims against Plaintiff Lime in the State Court Action. Accordingly, Plaintiff Lime respectfully petitions this Court to enter an Order requiring Defendant Bechtel to pursue all of his

state-court claims against Plaintiff Lime in an arbitral forum as required by the parties' binding, mandatory Arbitration Agreement.

## COUNT II – ACTION TO ENJOIN DEFENDANT BECHTEL FROM LITIGATION AGAINST LIME IN STATE COURT

28.     Plaintiff Lime realleges and incorporates all of  the allegations contained in paragraphs 1 through 27 of this Complaint if fully set forth here.

29.     The Anti-Injunction Act, 28 U.S.C. § 2283, provides authority for this Court to enjoin Defendant Bechtel from further pursuing his claims against Plaintiff Lime in the State Court Action based on the Arbitration Agreement sought to be enforced here.

30.     After holding that a valid and enforceable Arbitration Agreement exists, Plaintiff Lime respectfully petitions this Court to enter an Order that not only compels Defendant Bechtel to pursue all of his state-court claims against Plaintiff Lime in accordance with the Arbitration Agreement, but which also enjoins Defendant Bechtel from further pursuing his claims against Plaintiff Lime in the State Court Action.

31.     The above-cited case law, including a decision from the Sixth Circuit, has interpreted 28 U.S.C. § 2283 to expressly permit and require this type of injunction against further prosecution of state-court claims compelled to arbitration by a federal District Court.

32.     Here, enjoining Defendant Bechtel from further pursuing his claims against Plaintiff Lime in the State Court Action is necessary to protect the final judgment of the District Court on this issue.

WHEREFORE, Plaintiff, Neutron Holdings, Inc. d/b/a Lime, respectfully petitions this Court for the following relief:

1.     A judgment holding that the User Agreement, including its Arbitration Agreement, is valid and enforceable, and compelling Defendant Bechtel to arbitrate all of his state-court claims against Plaintiff Lime pursuant to the terms of the Arbitration Agreement;

2.     An Order enjoining Defendant Bechtel from further pursuing his claims against Plaintiff Lime in the State Court Action, or in any other forum, save for the arbitral forum required under the Arbitration Agreement;

3.     An Order staying this Action pending an award or decision from the arbitrator;

4.     An Order awarding Plaintiff Lime's costs and fees in bringing this Action; and

5.     Any further relief that the Court deems equitable, necessary, and appropriate.

Respectfully submitted,

*/s/ Thomas P. Mannion*
Thomas P. Mannion (0062551)
LEWIS BRISBOIS BISGAARD & SMITH LLP
1375 E. 9th Street, Suite 2250
Cleveland, Ohio 44114
Tel. 216.344.9422 / Fax 216.344.9421
tom.mannion@lewisbrisbois.com

Todd R. Ehrenreich (*pro hac vice* to be filed)
Fla. Bar No. 945900
David L. Luck (*pro hac vice* to be filed)
Fla. Bar No.  041379
LEWIS BRISBOIS BISGAARD & SMITH LLP
2 Alhambra Plaza, Suite 1110
Coral Gables, Florida 33134
Telephone: 786.353.0210
Facsimile:  786.513.2249
todd.ehrenreich@lewisbrisbois.com
david.luck@lewisbrisbois.com
***Counsel for Plaintiff Neutron Holdings, Inc. d/b/a Lime***

## <u>CERTIFICATE OF SERVICE</u>

I CERTIFY that on September 3, 2020, I e-filed this Complaint and Petition with the Clerk of the Court by using the CM/ECF system. I additionally certify that on September 3, 2020, a true and accurate copy of this Complaint and Petition was served via e-mail and certified U.S. Mail to Defendant Bechtel's counsel in the State Court Action:

Garth G. Cox
Harris McClellan Binau & Cox PLL
37 W. Broad Street
Suite 950
Columbus, OH 43215
614-464-2572
Fax: 614-464-2245
Email: gcox@hmbc.com

Jason Charles Cox
Barkan Meizlish Handelman Goodin
DeRose Wentz, LLP
250 E. Broad Street, 10th Floor
Columbus, OH 43215
614-221-4211
Fax: 614-744-2300
Email: jcox@barkanmeizlish.com

Sanford Alan Meizlish
Barkan Meizlish Handelman Goodin
DeRose Wentz, LLP
250 E. Broad Street, 10th Floor
Columbus, OH 43215
614-221-4211
Fax: 614-744-2300
Email: smeizlish@barkanmeizlish.com

*/s/ Thomas P. Mannion*
Thomas P. Mannion (0062551)
LEWIS BRISBOIS BISGAARD & SMITH LLP
***Counsel for Plaintiff Neutron Holdings, Inc. d/b/a Lime***